UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14037-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD PORTIES,

    Defendant.
_____/

FILED by ___ D.C.
NOV 17 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION

**THIS CAUSE** having come on to be heard upon the forensic evaluation previously ordered by this Court and this Court having reviewed the Forensic Evaluation Report by Jorge Luis, Forensic Psychologist, dated October 27, 2008, and this Court having conducted a hearing on November 17, 2008, recommends to the District Court as follows:

    1.    The Defendant previously requested a Competency Examination [D.E. #22] and this Court entered an Order on August 18, 2008, directing that the Defendant be examined by at least one qualified psychiatrist or psychologist pursuant to Title 18, United States Code, §§ 4241 and 4242, to determine if the Defendant is presently competent to be able to understand the criminal proceedings against him and to properly assist in his defense. This Court's Order also directed that the evaluation include an assessment of whether the Defendant is now suffering from some form of mental disease or defect or whether he was suffering from such a mental disease or defect at the time of the commission of the offense. The competency examination was to take place while the

1

Defendant was in custody and care of the Attorney General and the psychiatrist or psychologist would be as designated by the Attorney General to conduct such examinations.

2. This Court has received a copy of the Forensic Evaluation submitted by Jorge Luis, Forensic Psychologist, the original of which has been filed under seal with the Clerk of Court.

3. This Court conducted a hearing on November 17, 2008 to determine the Defendant's competency. Prior to the hearing, this Court reviewed the Forensic Evaluation in its entirety. At the hearing, counsel for the Defendant acknowledged that he has received a copy of the report and reviewed it with his client. The Defendant was present at this hearing. Further, counsel for the Defendant stated that he has no information, evidence, testimony or other argument in opposition to the findings as set forth in the Forensic Evaluation.

4. In regards to the competency issues, Dr. Luis conducted tests and examinations to test the Defendant's ability to understand the charges against him, his ability to assist defense counsel and his ability to understand courtroom proceedings. The Forensic Evaluation specifically states that the Defendant attempted to impress Dr. Luis as having a deficient understanding of the legal proceedings against him by denying knowledge of the roles of various courtroom personnel such as the judge and witnesses. However, Dr. Luis states that there are indications that the Defendant has been fabricating/exaggerating his mental impairment. As an example, the Forensic Evaluation recites that the Defendant attempted to relate bizarre content, not usually found in genuine psychiatric samples, with legal proceedings.

5. In respect to the competency issues and the Defendant's ability to stand trial, there must be a determination of whether or not a mental disease or defect is present and interfering with the Defendant's ability to understand the charges against him, his ability to properly assist in his own defense, and the ability to understand the nature and consequences of the proceeding against him. The Forensic Evaluation clearly finds that there is no objective evidence that the Defendant is currently suffering from an active phase of mental illness or defect which would render him unable to understand the nature and consequences of the proceeding against him at the this time. The report goes on to state that although the Defendant can comport his behavior to appropriate courtroom decorum if he chooses to do so, he may attempt to disrupt the legal proceeding in an effort to avoid, or receive diminished, repercussions for the alleged offense. In conclusion, Dr. Luis states that the Defendant demonstrated a basic factual and rational understanding of the charges against him and can assist his attorney in his own defense if he is motivated to do so. The Forensic Evaluation goes on to state that the Defendant demonstrated an appreciation of the penalties he could face if he were convicted of the current charges. Therefore, it was Dr. Luis' opinion that the Defendant be found competent to stand trial.

6. In regards to the second issue concerning the Defendant's alleged insanity at the time of the offense, again Dr. Luis conducted tests and an evaluation to determine if there was the presence of a serious mental disorder or defect, along with evidence that there was a causal relationship between any such mental disorder and the offense behavior charged. The evaluation goes on to indicate that such a determination involves the question as to whether or not a mental disorder resulted in the Defendant's inability to appreciate the wrongfulness of his behavior. In this regard, the Forensic Evaluation states

that the Defendant's mental status throughout the evaluation period does not suggest the presence of a mental illness which would have interfered with his criminal responsibility. Neither the Defendant's mental health history nor the Defendant's self-reported symptoms suggest the presence of any mental illness. The report indicates that the Defendant did not appear to demonstrate any evidence of mental illness during his interviews with law enforcement personnel during the early stages of their investigation of the criminal conduct charged in this matter. In that regard, Dr. Luis refers to interviews by FBI Special Agents in July 2007 and June 2008 in which the Defendant was able to provide a detailed and organized statement regarding his alleged actions and acknowledged the wrongfulness of those actions. Based upon all of the foregoing, Dr. Luis is of the opinion that the Defendant was not suffering from the symptoms of a mental disorder or disease which were causally related to the alleged offense that would have resulted in the Defendant's inability to appreciate the nature and quality of the wrongfulness of his acts.

7.  Based upon the fact that the Defendant has no information, evidence, testimony or oral argument in opposition to the Forensic Evaluation conducted by Dr. Jorge Luis and those findings recited briefly herein by the Court, this Court recommends that the Defendant be found to be competent to proceed to trial and competent at the time of the offense alleged in the Indictment.

8.  Any delays in respect to the time periods in this matter are not to be attributed to the government since the Defendant specifically requested a psychiatric evaluation as noted previously herein. Further, pursuant to an Order of Reference from the District Court, this Court conducted a change of plea hearing on November 17, 2008 at the conclusion of the competency hearing, at which time the Defendant entered a guilty plea

as to the two counts of the Indictment pending against him. The District Court has set this matter for sentencing as reflected in this Court's Report and Recommendation in regards to the Defendant's change of plea.

**ACCORDINGLY,** this Court recommends to the District Court that the Forensic Evaluation dated October 27, 2008 conducted by Jorge Luis, Forensic Psychologist, be ACCEPTED and that the findings set forth therein be ADOPTED by the District Court, and that the Defendant be found to be competent to proceed to trial and competent at the time of the offenses alleged in the Indictment.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to try this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Northern Division of the Southern District of Florida, this 17th day of November, 2008.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Rinku Talwar
AFPD Samuel J. Smargon
U. S. Probation
U. S. Marshal